Filed 1/5/26  P. v. Graham CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B342839 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA170358 ) |
| v. | |
| ANTHONY KIMO GRAHAM, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Dismissed.

Sarah M. Javaheri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Anthony Kimo Graham appeals from a postjudgment order denying his petition for recall and resentencing pursuant to Penal Code section 1385, subdivision (c)(2)(C)[1] and Senate Bill No. 81 (Stats. 2021, ch. 721, § 1).  His appointed counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 raising no issues and asserting the order was not appealable.  Appellant filed a supplemental brief. We conclude that the trial court's order was not appealable and dismiss the appeal.

In 2000, appellant was convicted of assault with a firearm (§ 245, subd. (a)(2)).  The jury also found true allegations that appellant personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The trial court found true allegations that appellant previously suffered a serious felony conviction (§ 667, subd. (b)) and two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and served a prior prison term (§ 667.5, subd. (b)).  The trial court sentenced appellant to a third strike term of 25 years to life, plus consecutive terms of 10 years for the firearm enhancement and five years for the prior serious felony.  The court imposed and stayed sentences for the great bodily injury enhancement and one-year prior.  The judgment was affirmed on appeal.  (*People v. Graham* (Mar. 22, 2001, B140146) [nonpub. opn.].)  An amended abstract dated March 7, 2023 shows that appellant is no longer subject to the stayed one-year prior.

On December 2, 2024, appellant, acting in propria persona, filed a petition for recall and resentence.  He requested that the

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

trial court appoint him counsel and dismiss his sentence enhancements pursuant to mitigating circumstances listed in section 1385, subdivision (c)(2), including "application of an enhancement could result in a sentence of over 20 years," "[t]he current offense is connected to mental illness," and "[t]he current offense is connected to prior victimization or childhood trauma." (§ 1385, subds. (c)(2)(C)-(E).)  He asserted that the trial court "was not aware at his sentencing to properly apply section 1385 (c)," which was added to the Penal Code more than 20 years after he was sentenced.  Appellant attached a copy of the amended abstract of judgment.

On December 3, 2024, the trial court summarily denied the petition in a written order.  It stated that appellant was not entitled to relief because his sentence was final more than 20 years before section 1385, subdivision (c) became effective, and appellant "would not be entitled to any ameliorative benefits of a law enacted after his sentence was final.  Finality bars resentencing on the statute relied upon by the Petitioner." Appellant filed a notice of appeal on December 17, 2024.

As appellant's counsel asserts in the opening brief, the order is not appealable.  As a general rule, a trial court does not have jurisdiction to modify or vacate a sentence once execution of the sentence has begun.  (See *People v. King* (2022) 77 Cal.App.5th 629, 634-637.)  Exceptions to that rule "generally arise in instances where the Legislature has expressly authorized such a motion," as it has in sections 17, subdivision (b)(3), 1016.5, subdivision (b), 1203.4, and 1473.6.  (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337 & fn. 2.)  None of those provisions is applicable here, and neither appellant nor his appointed counsel has identified any that may be applicable.  In 2024, the

3

Legislature amended section 1172.1 to permit a trial court to "recall a sentence and resentence a defendant on its own motion 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.'" (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046 (*Brinson*), quoting § 1172.1, subd. (a)(1).) Appellant did not expressly request relief under this section. However, even if he had, section 1172.1, subdivision (c) provides that "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

"Courts have interpreted the second sentence of section 1172.1, subdivision (c) to mean that defendants do not have a substantial right at stake when they request recall and resentencing." (*Brinson*, *supra*, 112 Cal.App.5th at p. 1046.) Where there is no substantial right at stake, a postjudgment order is not appealable under section 1237, subdivision (b). Appellant has not identified any substantial right at issue here. The trial court order accordingly is not appealable, and the appeal must be dismissed.

The arguments raised in appellant's supplemental brief do not alter this conclusion.[2] Relying on *People v. Rogers* (2025) 108 Cal.App.5th 340 and *People v. Monroe* (2022) 85 Cal.App.5th 393, he first contends that he is entitled to a full resentencing under section 1172.75, which invalidated most one-year prison priors. However, section 1172.75 "does not contemplate resentencing relief initiated by any individual defendant's petition or motion"

---

[2] Nor does the apparent typographical error appellant identifies in the trial court's order.

4

(*People v. Burgess* (2022) 86 Cal.App.5th 375, 384), and the record indicates that appellant is no longer subject to a one-year prison prior.

Appellant also contends that the trial court had jurisdiction to hear his petition under *People v. Ponder* (2023) 96 Cal.App.5th 1042 and *Holder v. Superior Court of San Diego County* (1969) 269 Cal.App.2d 314. Neither case is on point. *Ponder* concerned the application of section 1385, subdivision (c)(2) in a case in which judgment was not yet final; the judgment here is long final, and section 1385 expressly is not retroactive. (See § 1385, subd. (c)(7) ["This subdivision shall apply to all sentencings occurring after January 1, 2022."].) *Holder* concerned the applicability and retroactivity of a then-recent amendment to section 1168 that authorized a trial court to recall a sentence and resentence a defendant where "diagnostic study and recommendations" transmitted to the court warranted doing so. (*Holder, supra*, 269 Cal.App.2d at p. 316.) It is not relevant here, where appellant sought relief absent any recommendation, and the statute under which he seeks relief is not retroactive.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.


We concur:


MORI, J.                                              TAMZARIAN, J.


5